UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHALEENA McCORD,<br><br>   Plaintiff,<br><br> v.<br><br>MUNCIE COMMUNITY SCHOOL CORPORATION and BOARD OF TRUSTEES OF MUNCIE COMMUNITY SCHOOL CORPORATION,<br><br>   Defendants. | Case No. 1:20-cv-839<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

Plaintiff, Kathaleena McCord, by counsel, Delk McNally, LLP, for her Complaint for Damages against Defendant, Muncie Community School Corporation and Board of Trustees of Muncie Community School Corporation, hereby alleges and states as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff, Kathaleena McCord ("Plaintiff"), is a female citizen of Madison County, Indiana.

2. Defendant, Muncie Community School Corporation ("School Corp.") is an Indiana political subdivision with its principal office located in Muncie, Delaware County, Indiana.

3. Defendant, Board of Trustees of Muncie Community School Corporation ("Board"), is the governing body of Muncie Community School Corporation with its principal office located in Muncie, Delaware County, Indiana. The Board and MCS shall be collectively referred to as "MCS."

4. The events giving rise to this action occurred in the Southern District of Indiana, thereby rendering venue in this Court proper pursuant to 28 U.S.C. § 1391(b).

5. This Court's jurisdiction is based upon a federal question. 28 U.S.C. § 1331. Specifically, this matter arises out of the deprivation of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), which prohibits employment discrimination against any individual with respect to compensation based upon sex, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

6. All conditions precedent to jurisdiction have been satisfied. On December 6, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 470-2019-00911 ("the Charge"). On December 17, 2019, the EEOC issued Plaintiff a Notice of Right to Sue ("Notice") based on the allegations in the Charge.

## Facts Common to All Counts

7. Plaintiff is a woman with over 25 years of experience as a teacher and an administrator. She commenced employment with MCS on August 13, 2009, at which point she was named the Assistant Principal of Muncie Central High School. In June 2013, Plaintiff became the principal of Westview Elementary School, which is also part of MCS. She continued said role until she became the Assistant Principal at MCS's Northside Middle School for the 2017-2018 school year.

8. When Plaintiff became the Assistant Principal at Northside Middle School, she was informed that her annual salary totaled $77,000.00. Further, her contract required her to perform 215 days of work during the 2017-2018 school year.

9. Plaintiff believed her salary was low, and, thus, questioned the human resources director about the basis for her compensation. Plaintiff was subsequently advised that her salary was determined based upon her years of experience. She was later informed by MCS that assistant principals typically earned at least $80,000.00 per year.

10. Significantly, the School Corp.'s Board had provided a 2016 Memorandum of Salary Schedules and Benefits for Administrators ("Memorandum"). According to the Memorandum, the annual minimum salary for a middle school assistant principal was $70,000.00, with a maximum of $85,000.00.

11. Plaintiff then learned of the then current salary guidelines for the 2017-2018 school year. Said guidelines reflected an annual salary range of $80,412.00 to $85,559.00 for MCS middle school assistant principals. Despite Plaintiff's 25-year career as an educator as well as her longstanding employment with MCS, Plaintiff's salary was 11 percent below the highest salary for her position.

12. As a result, Plaintiff searched for relevant employee contracts, which were publicly available to other MCS assistant principals. Plaintiff obtained the salary information pertaining to male colleague, Philip N. Seale, Jr. ("Seale"). During the 2017-2018 school year, Seale, was earning $85,559.00 as an MCS middle school assistant principal. Additionally, Seale's contract required only 195 days of work performed for the 2017-2018 school year. As such, Seale was not required to work as many days as Plaintiff. Notably, he was the highest paid MCS assistant principal. Although he had been employed at MCS longer than Plaintiff, he possessed fewer years of experience as a teacher and administrator.

13. Importantly, Seale had been named the Assistant Principal at Muncie Central High School in June 2013, with a contracted annual salary of $85,559.00. According to the 2016-2017 salary guidelines contained within the Memorandum, the annual salary range for assistant high school principals was $70,000.00 - $92,000.00, with an average salary of $76,455.00. Plaintiff was informed that when Seale was moved to the assistant middle school principal position in 2017, the superintendent had allowed his annual salary to remain at $85,559.99.

14. By contrast, during Plaintiff's tenure as the Assistant Principal at Muncie Central High School, her annual salary totaled $90,350.00 for the school years beginning in 2009 and 2010. She remained in said position for the 2011-2012 school years, then earning a $86,820.00 annual salary. Thereafter, Plaintiff served as the Principal at an MCS elementary school for the 2013-2016 school years, earning an annual salary of $89,393.00. As outlined above, her annual salary decreased to $77,000.00 when she became the Assistant Principal at Northside Middle School. Unlike Seale, Plaintiff was not allowed to keep her previously contracted annual salaries, which had exceeded her annual salary as an assistant middle school principal.

15. Importantly, Plaintiff's original hire date with MCS was August 13, 2009. At no time thereafter did Plaintiff vacate a position with MCS. As such, Plaintiff, should have been entitled to a higher salary, as the Administrative Salary Guidelines contemplated room for growth for individuals, such as Plaintiff, who were long serving in a position.

16. Of further significance, Plaintiff obtained the employee contract of Donald H. Cowper, Jr. ("Cowper"), another male middle school assistant principal. Cowper's contract reflected an annual salary totaling $80,412.00 for the 2017-2018 school year. Additionally, his contract only required him to work a total of 195 days during said school term. Thus, Cowper not only earned more than Plaintiff, but he also worked fewer days.

17. Moreover, Cowper's Teacher History Listing showed that he had been serving in said capacity since 2015, earning annual salaries of $80,412.00 for the school years beginning in 2015 and 2016. Further, Cowper's tenure and experience with MCS paled in comparison to that of Plaintiff's. In fact, his Teacher Listing showed that he began working as an MCS teacher in 2014 prior to becoming an assistant middle school principal in 2015. This, however, was his only prior experience with MCS.

18. MCS paid Plaintiff less than her male counterparts, who shared the same job description; primary purpose of position; essential functions of position; knowledge and skills; minimum qualifications; employee expectations; physical requirements; and working environment standards.

19. At the time of the pay disparity, the then acting superintendent informed Plaintiff that there was no logical explanation for her reduced salary and that MCS's offer of $77,000.00 per year could not be defended.

20. MCS's actions in paying Plaintiff less than her male counterparts violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), which prohibits employment discrimination based upon sex, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

21. As a result of MCS's above actions, Plaintiff has suffered irreparable injury, which entitles her to relief.

## COUNT I:  VIOLATION OF EQUAL PAY ACT OF 1963

22. Plaintiff incorporates by reference the allegations contained in rhetorical paragraphs 1 through 21 as if fully set forth herein.

23. A valid employer-employee relationship existed between Plaintiff and MCS as contemplated by the Equal Pay Act of 1963.

24. At the time of MCS's violation, Plaintiff was an employee performing work that required equal skill, effort, and responsibility of her male counterparts.

25. The jobs at issue were performed under similar working conditions.

26. Plaintiff was paid a lower salary than the comparable males and worked more days than Seale and Cowper during the 2017-2018 school year.

27. Plaintiff's salary was based on administrative salary guidelines allowing MCS discretion in determining salary ranges. However, Plaintiff's salary was below the then current range, despite her long career as an educator and tenure with MCS and lower than the male counterparts who were working less days, but for more pay.

28. The pay disparity between Plaintiff and her male colleagues was not justified, nor did it follow MCS's guidelines for setting employees' salaries, as Plaintiff possessed more teaching and administrative experience than Seale. Additionally, Plaintiff, possessed more teaching experience, administrative experience, and tenure than Cowper.

29. MCS's actions are in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) in that MCS's disparate pay practices were based on no other factor than Plaintiff's sex.

30. Additionally, MCS either knew it was violating the Equal Pay Act or was indifferent to whether or not it was violating the act such that MCS's violation was willful.

31. Pursuant to 29 U.S.C. §216(b), MCS is liable to Plaintiff in the amount of Plaintiff's unpaid wages, liquidated damages, other compensatory damages, exemplary damages and attorney's fees.

**WHEREFORE**, Plaintiff prays for judgment on Count I of her Complaint against Defendants in the amount of Plaintiff's unpaid compensation and benefits, compensatory damages, liquidated damages thereon, reasonable attorneys' fees and court costs; and for all other relief that is just and proper.

### COUNT II:  VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

32. Plaintiff incorporates by reference the allegations contained in rhetorical paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff, a member of a protected class, was unlawfully discriminated against by Defendants because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

34. Plaintiff possessed the requisite qualifications and experience for her position, and she suffered an adverse employment decision, namely the payment of lower wages than those of her male counterparts.

35. The differential in pay between Plaintiff and her male colleagues was not due to a factor other than sex. Rather, it was, in fact due exclusively to sex. Toward that end, MCS was unable to demonstrate that said pay differential was due to some other, legitimate consideration. As such, MCS's disparate treatment of Plaintiff constitutes intentional discrimination under Title VII, and Plaintiff is entitled to seek punitive damages from MCS.

36. As a direct and proximate result of MCS's unlawful conduct, Plaintiff suffered and will continue to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial losses, as well as non-economic damages. Thus, Plaintiff's damages sustained vis a vis Defendants' discriminatory employment practices entitle her to all legal remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff; enter judgment in an amount sufficient to compensate Plaintiff for Defendants' unlawful actions, including, lost earnings, lost benefits, lost future employment opportunities, liquidated damages, punitive damages, attorneys' fees and court costs; and for all other just and proper relief.

## JURY DEMAND

Plaintiff, Kathaleena McCord, by counsel, respectfully requests a trial by jury on all issues and causes of action asserted herein.

Respectfully submitted,

DELK McNALLY LLP


*/s/ Jason R. Delk*
Jason R. Delk, Atty. No. 24853-18
Daniel J. Gibson, Atty. No. 27113-18
Megan M. McCooe, Atty. No. 28686-49
*Attorneys for Plaintiff*

DELK McNALLY LLP
211 S. Walnut
Muncie, IN 47305
Tel: (765) 896-9495
Fax: (888) 453-0545